IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Uhuru Baraka Rowe,

                Plaintiff,

v.                         Civil Action No. 3:19CV418

Gregory L. Holloway, et al.,
                Defendants.

FILED AUG 23 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## RESPONSE TO COURT'S MEMORANDUM ORDER

This Court, pursuant to its Memorandum Order dated August 2, 2019, directed Plaintiff Rowe to "show good cause" within twenty (20) days of the date of said Order, "why he should be permitted to litigate a second action pro se while he has a similar action pending." The Court also directed Rowe to "demonstrate why allowing a second action to proceed simultaneously furthers the interests of judicial economy and efficiency."

There are currently two civil rights complaints Rowe has pending with the Court. The first complaint, which the Court in its Order referred to as the "2018 case" was prepared and filed by Rowe's attorney, Jeffrey E. Fogel. The second complaint, as captioned above, was prepared and filed by Rowe as a pro se complaint. For purposes of clarification, Rowe will refer to this complaint as the "2019 Case."

It is the Court's contention, as reflected in its Order, that the claims presented in the 2018 Case and the pro se 2019 Case are "substantially similar" and the pro se 2019 case contains "virtually

the same facts and allegations as those in the 2018 Case, that is filed against some of the same defendants" in the 2018 Case. Rowe disagrees with the Court's misconstruction of the claims presented in his pro se 2019 Case as set forth below:

1. The 2018 Case concerns the censorship of two of Rowe's political essays titled "Life at Sussex 2 State Prison-Revisited" and "Sussex 2 State Prison is a Potemkin Prison" which he attempted to send to an outside acquaintance via JPay electronic secure messaging on or about June 1, 2018.

2. The pro se 2019 Case concerns a position paper which Rowe authored and attempted to mail to an outside acquaintance via postal mail on or about May 8, 2018.

3. The two claims presented in the 2018 Case are the violation of Rowe's First Amendment right to free speech and his Fourteenth Amendment right to Due Process associated with the censorship of his political essays listed in paragraph 1.

4. The two claims presented in the pro se 2019 Case are government (i.e. Sussex II State Prison officals) retaliation against Rowe associated with his exercise of free speech in authoring a position paper that was highly critical of prison officials. The retaliatory actions taken against Rowe includes, among various other actions as outlined in his pro se 2019 complaint, the censorship of the two essays listed in paragraph 1 above. These retaliatory actions, too, violated Rowe's First and Fourteenth Amendment rights.

5. In order to prevail on his claims in the 2018 Case, Rowe must prove that the censorship of his two essays by prison officials was done solely to suppress criticisms of prison officials and prison officials and not to further important or substantial government in-

terest in security and order, whereas in the pro se 2019 Case, Rowe must prove that the speech contained within his May 8, 2018 position paper was protected, that defendants took adverse action against him, and that there is a causal connection between the protected speech and the adverse action.

6. Because the censorship and retaliation alleged in both the 2018 Case and the pro se 2019 Case stemmed from the protected speech contained in two strikingly different writings authored by Rowe during two different time periods; because of the difference in legal elements Rowe must prove in order to prevail in each case; and because the pro se 2019 Case names eight different defendants not named in the 2018 Case, this is proof that both cases do not contain "substantially similar claims from the same time period against some of the same defendants" or "the same facts and allegations," as the Court stated in its August 2, 2019 Memorandum Order.

7. Since both cases, and the facts and allegations alleged in both cases, are dissimilar, allowing them to proceed separately and simultaneously does not adversely impacts this court's interests of judicial economy and efficiency.

Wherefore, based on the matters stated above, and in the interest of justice and fairness, Rowe urges this Court to allow the 2018 Case and the pro se 2019 Case to proceed separately and simultaneously.

                              Respectfully submitted,

                              */s/ Uhuru Rowe*
                              Uhuru Baraka Rowe, Plaintiff