

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UHURU BARAKA ROWE,

    Plaintiff,

v.                             Civil Action No. 3:19CV418

GREGORY L. HOLLOWAY, et al.,

    Defendants.

## MEMORANDUM ORDER

Uhuru Bakara Rowe, proceeding pro se, filed this civil action claiming that Defendants violated his First and Fourteenth Amendment rights respecting actions taken in connection with his essays commenting on prison life that he attempted to mail to persons outside of the institution. A review of the Court's docket revealed that Rowe, by counsel, is currently litigating substantially similar claims from the same time period against some of the same defendants. See Rowe v. Clarke, No. 3:18CV780 (E.D. Va. filed Nov. 8, 2018) (the "2018 Case").[1] By Memorandum Order entered on August 2, 2019, the Court directed Rowe to show good cause why "he should be permitted to litigate a second action pro se while he has a similar action pending. Rowe must also

---

[1] By Order (ECF No. 21) dated June 13, 2019, the Court dismissed the 2018 Case with leave to file an amended complaint. Rowe filed a Second Amended Complaint in the 2018 Case and Defendants have filed a Motion to Dismiss. See Rowe, No. 3:18CV780 (E.D. Va. filed Jan. 11, 2019); ECF Nos. 23, 24.

demonstrate why allowing a second action to proceed simultaneously furthers the interests of judicial economy and efficiency." (ECF No. 3, at 2.) In that Memorandum Order, the Court noted that the <u>pro se</u> action was based on virtually the same facts and allegations as those in the 2018 Case and was against some of the same defendants. The Court also noted that Rowe had an opportunity to amend his complaint in the 2018 Case to incorporate all claims and defendants.

Rowe has filed his response and states as follows:

> 1. The 2018 Case concerns the censorship of two of Rowe's political essays titled "Life at Sussex 2 State Prison-Revisited" and "Sussex 2 State Prison is a Potempkin Prison" which he attempted to send to an outside acquaintance via JPay electronic secure messaging on or about June 1, 2018.
> 2. The pro se 2019 Case concerns a position paper which Rowe authored and attempted to mail to an outside acquaintance via postal mail on or about May 8, 2018.
> 3. The two claims presented in the 2018 Case are the violation of Rowe's First Amendment right to free speech and his Fourteenth Amendment right to Due Process associated with the censorship of his political essays listed in paragraph 1.
> 4. The two claims presented in the pro se 2019 Case are government (i.e. Sussex II State Prison officials) retaliation against Rowe associated with his exercise of free speech in authoring a position paper that was highly critical of prison officials. The retaliatory actions taken against Rowe includes, among various other actions outlined in his pro se 2019 complaint, the censorship of the two essays listed in paragraph 1 above. These retaliatory actions, too, violated Rowe's First and Fourteenth Amendment rights.

(Response 2-3, ECF No. 5.)[2] If Rowe wishes to proceed with this separate pro se action, the Court will permit him to do so. Rowe will be subject to a $350 filing fee and the in forma pauperis screening process before the Court will file the action.

It is so ORDERED.

/s/ _____
Robert E. Payne
Senior United States District Judge

Date: September 24, 2019
Richmond, Virginia

---

[2] Although he was not asked to file a response to the Court's Memorandum Order in this action, counsel for the 2018 Case submitted a letter indicating that he "do[es] not believe [the pro se case] is in any conflict with the case in which [he] is representing [Rowe]." (ECF No. 4, at 1.)

3