Uhuru Baraka Rowe #1131545
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870

September 25, 2019

Honorable Robert E. Payne
Senior United States District Court Judge
United States District Court, E.D. of VA
701 East Broad Street
Richmond, Virginia 23219

      Re: Case Nos. 3:18CV780 (Rowe v. Clarke, et al)
                      3:19CV418 (Rowe v. Holloway, et al)

Dear Honorable Robert E. Payne:

I am the plaintiff in the above-referenced cases. I am writing to you to bring to your attention what I believe to be retaliatory acts committed against me by Greensville Correctional Center (GCC) employees in response to the two civil rights suits filed against Department of Corrections officials, including Tracy S. Ray, who is the current Lead Warden of GCC. What I believe are retaliatory acts are as follows:

On the 7th day of August, 2019, I was written an infraction by Housing Unit 5 building sergeant, P. Mills, who alleged that I was laying on the bottom bunk during a mandatory standing count. (See attached 8/7/19 infraction at Exhibit A.)

On the 18th day of September, 2019, I was written another infraction by Correctional Officer N. Malone who alleged that a "cloths line" was handing above my bunk. (See attached 9/18/19 infraction at Exhibit B.)

The issue is that I was written both infractions for incidents occurring on the bottom bunk which is occupied by another human being. At all times relevant to these infractions, I was assigned to and occupied the top bunk, a fact that is well-known by both Sgt. Mills and Officer Malone.

RECEIVED
OCT -2 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

For instance, during the time of the alleged incident giving rise to the 8/7/19 infraction, when Sgt. Mills claimed I was "still laying on the bottom bunk" during a mandatory standing count, I was assigned to the top bunk and was, in fact, standing in front of the cell door when Sgt. Mills walked past my cell.

I even filed an Informal Complaint alleging that, because of Sgt. Mills disdain for me, he targeted me with this infraction. (See Informal Complaint at Exhibit C.) In her response to this complaint, Housing Unit 5 Manager, Barbara Spring, assured me that the matter had been addressed. This infraction was later dismissed by the Disciplinary Hearings Officer after I successfully defended myself during the hearing.

In regards to the 9/18/19 infraction, it was well-known by that time that I was assigned to the top bunk and because of that, the "cloths line" hanging above the bottom bunk could not have been mine. My cellmate even filled out a Witness Statement (attached at Exhibit D) acknowledging the cloths line hanging above his bottom bunk was his which is something Officer Malone already knew. Yet Officer Malone wrote me the infraction anyway and he would later reveal why.

In response to questions I presented to Officer Malone on a Reporting Officer Response Form (attached at Exhibit E), Officer Malone stated he could not "remember off the top of [his] head" as to whether I am assigned to the top bunk or the bottom bunk even though he routinely passes by my cell several times a day during security checks. In response to my questions as to whether he asked me or my cellmate who the cloths line belonged to, Officer Malone stated, "No Unit Manager Spring told me to just write the charge." In other words, Unit Manager Spring ordered him to write me the infraction even even if the cloths line was not mine.

Both of these incidents reflect a concerted effort by Unit 5 Manager, Barbara Spring, Sgt. P. Mills, Officer N. Malone, and others - possibly acting on orders from Lead Warden Tracy S. Ray, who is a

named defendant in Rowe v. Clarke - to retaliate against me because of the two §1983 civil rights lawsuits filed against prison officials.

Because this retaliation may escalate to other acts - like placing me in solitary confinement for an indefinite period of time for an unspecified reason, planting a weapon, drugs, or other contraband in my cell during a serach and then holding me accountable for it, or even ordering an officer or another prisoner to violently assault me - I ask that you issue an order directing the Virginia Department of Corrections to immediately transfer me to another correctional facility that is about the same distance as this prison from my family in the city of Richmond, Virginia, and to refrain from committing any further retaliatory acts against me, or any acts that may be reasonably construed as retaliation.

If you need any additional information in regards to the matters set forth in this letter, please do not hesitate to contact me.

Yours for the rule of law,

U. Rowe
Uhuru Baraka Rowe


Cc: Laura E. Maughan, Assistant Attorney General
    Attorney Jeffrey E. Fogel
    Attorney Beth A. Norton
    Harold W. Clarke, Director, Virginia Department of Corrections