IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

Uhuru Baraka Rowe,

                Plaintiff,

v.                                  Civil Action No. 3:19CV418

Gregory L. Holloway et al.

                Defendants.



MOTION FOR RELIEF FROM ORDER OR IN
ALTERNATIVE MOTION TO RECONSIDER

    Comes now Plaintiff, proceeding pro se and in proper person, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and moves this Court to reconsider and set aside its December 9, 2019 Memorandum Opinion and Order dismissing the above-styled case without prejudice. In support of this motion, Rowe states as follows:

    1. Plaintiff, Uhuru Baraka Rowe, proceeding pro se, submitted to this Court a §1983 civil rights action in the above-styled case back in May 2019.

    2. Per this Courts Memorandum Order entered October 9, 2019, the complaint was conditionally docketed pending Rowe's compliance with directives of said Order.

    3. After complying with the directives of the October 9, 2019 Order, this Court entered another Memorandum Order on November 8, 2019 directing Rowe to pay an initial partial filing fee of $17.75 or state under the penalty of perjury that he does not have sufficient assets to pay such a fee within eleven (11) days of the entry of said Order.

    4. Shortly after midnight on December 18, 2019, Rowe was given

1

an envelope (by a correctional officer) addressed to him from this Court which contained a Memorandum Opinion and Order entered in this Court on December 9, 2019 advising him that the above-styled case had been dismissed without prejudice because he failed to comply with the directives of the November 8, 2019 Memorandum Order.

5. Rowe states under the penalty of perjury that he did not receive the Memorandum Order entered in this Court on November 8, 2019 and thus was unaware of the directives of that Order.

6. Rowe did not receive the November 8, 2019 Memorandum Order either because this Court failed to mail it to Rowe; this Court mistakenly mailed it to the wrong address; or because the mailroom staff or other prison officials here at Greensville Correctional Center lost or destroyed the November 8, 2019 Order due to neglect or to prevent Rowe from prevailing on the claims outlined in this case.

7. Consequently, due to no fault of his own, circumstances beyond his control, and mistake and excusable neglect by persons and entities other than Rowe, Rowe could not comply with this Court's November 8, 2019 Memorandum Order.

WHEREFORE, Rowe prays that this Court will reconsider and set aside its December 9, 2019 Memorandum Opinion and Order dismissing his complaint in the above-styled case, reinstate the case on the docket, and enter/issue a new Order directing Rowe to file a partial filing fee. Furthermore, in light of this incident, Rowe asks this Court to consider mailing any future correspondences to him via certified mail, return receitp requested.

Respectfully submitted,

U. R. Rowe

Uhuru Baraka Rowe
Pro Se

## VERIFICATION

I, Uhuru Baraka Rowe, swears under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Given under my hand this 19th day of December, 2019.

_U. Rowe_
Uhuru Baraka Rowe