IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UHURU BAKARA ROWE,

    Plaintiff,

v.                                    Civil Action No. 3:19CV418

GREGORY L. HOLLOWAY, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Order entered on October 9, 2019, the Court conditionally docketed the action. Ukuru Bakara Rowe requested leave to proceed in forma pauperis. By Memorandum Order entered on November 8, 2019, the Court directed Rowe to pay an initial partial filing fee of $17.75 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within eleven (11) days of the date of entry thereof. See 28 U.S.C. § 1915(b)(1). Because Rowe neither paid the initial partial filing fee nor averred that he could not pay such a fee, the Court found that he was not entitled to proceed in forma pauperis, and by Memorandum Opinion and Order entered on December 10, 2019, dismissed the action without prejudice for failing to follow the directions of the Court.

On January 2, 2020, Rowe filed a MOTION FOR RELIEF FROM ORDER OR IN ALTERNATIVE MOTION TO RECONSIDER in which he contends he did

not receive the November 8, 2019 Memorandum Order directing him to pay the initial partial filing fee of $17.75. (ECF No. 15, at 2.) Instead, Rowe contends that he only learned of the Memorandum Order on December 18, 2019 when he received the Memorandum Opinion and Order dismissing the action. (Id.) Thus, Rowe claims that he was unaware of the Court's directive to pay the initial partial filing fee of $17.75. Rowe asks the Court to vacate the dismissal of his action, and "issue a new Order directing [Plaintiff] to file a partial filing fee." (Id.)

By Memorandum Order entered on January 27, 2020, the Court noted that Rowe's MOTION FOR RELIEF FROM ORDER OR IN ALTERNATIVE MOTION TO RECONSIDER was not accompanied by the $17.75 initial partial filing fee that Rowe has been very aware was due to the Court since December 18, 2019. The Court explained that, at that juncture, it would take no action on the motion. The Court further explained that, in order to obtain the relief he seeks, Rowe must comply with the directive to pay the $17.75. The Court ordered Rowe to pay the initial partial filing fee of $17.75 within eleven (11) days of the date of entry thereof. The Court warned Rowe that if he failed to submit the initial partial filing fee within that time the Court would deny the motion.

On February 3, 2020, Rowe paid the initial partial filing fee. Because the MOTION FOR RELIEF FROM ORDER OR IN ALTERNATIVE MOTION TO RECONSIDER was filed within twenty-eight days of the

Memorandum Opinion and Order, the Court construes this motion as one brought pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion.")

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Rowe fails to identify under which section he brings his motion, he appears to rely upon the third ground.

Rowe contends that he did not receive the November 8, 2019 Memorandum Order directing him to pay the initial partial filing fee of $17.75 and that he was unaware of the Court's directive to pay the initial partial filing fee of $17.75. (Rule 59(e) Mot. 2.) Rowe satisfies Rule 59(e) in that he demonstrates adequately that vacating the December 10, 2019 dismissal is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 15) will be granted. The Court will vacate the December 10, 2019 Memorandum Opinion and Order dismissing the case and will place this action back on the active docket.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 4, 2020