IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UHURU BARAKA ROWE**,

    Plaintiff,

v.                                                                Civil Action No. **3:19CV418**

**TRACY S. RAY,** *et al.*,[1]

    Defendants.

**MEMORANDUM ORDER**
**(Serving the Virginia Department of Corrections Defendants)**

Plaintiff, a Virginia prisoner proceeding *pro se*, brings this 42 U.S.C. § 1983 action. Upon concluding the review of the complaint required by the Prison Litigation Reform Act, it is ORDERED that:

1. Plaintiff has ninety (90) days from the date of entry hereof to serve the defendants. *See* Fed. R. Civ. P. 4(m).

2. Although it ultimately remains Plaintiff's responsibility to complete service of process, the Court will attempt to serve Defendant pursuant to a formal electronic service agreement with the Attorney General's Office for the Commonwealth of Virginia. The Clerk is DIRECTED to transmit a copy of this Memorandum Order, a waiver of service of process, and the **Amended Complaint (ECF No. 25)** to the Attorney General's Office.

3. Rule 7(E) of the Local Rules for the United States District Court for the Eastern District of Virginia shall not apply to this action.

---

[1] The Clerk is directed to update the caption to reflect that Tracy S. Ray is the first-named defendant.

4. Plaintiff is subject to the requirements of Rule 5 of the Federal Rules of Civil Procedure. From this point on, Plaintiff must serve a copy of every document on all parties. Service shall be made by mailing a copy of the document to the party's attorney. No document submitted by Plaintiff will be considered without an attached certificate stating that Plaintiff has mailed a copy of the document to counsel of record. The required certificate must also show the date and manner of service.

6. Plaintiff is advised that the Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and that the affiant is competent to testify on the matter stated therein. *See* Fed. R. Civ. P. 56(c)(4).

The Clerk is DIRECTED to send a copy of this Memorandum Order to Plaintiff.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: June 26, 2020
Richmond, Virginia